UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

Case No. 2:10-CR-00362-ODW-3                              Date: October 19, 2018

Title:  USA vs. Damon Edward Marra.

===============================================================================
Present:        OTIS D. WRIGHT, II  UNITED STATES DISTRICT JUDGE

Deputy Clerk                              Court Reporter / Recorder Tape No.
Sheila English                            Not Reported N/A

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:
Not Present                               Not Present

**Proceedings: (IN CHAMBERS)** ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE  [1173]

The indictment in this case charges violation of 21 U.S.C. § 846.  Specifically, it is alleged that Damon Edward Marra ("Marra") conspired with dozens of others to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance.  ( 21 U.S.C.§841(a)(1).)  Absent the application of the so-called "safety valve" this offense carries a mandatory minimum sentence of 10 years followed by 5 years of supervised release. (§ 841(b)((1)(A)(ii).)

On March 6, 2008 Marra met with a Confidential Source ("CS")  at a restaurant for the purpose of brokering a deal for approximately 28 kilograms of cocaine. Defendant told the CS that if the first deal went without incident, he would buy approximately 25 - 30 kilograms of cocaine per week.

Marra points to his lack of criminal history as part of the justification the court should give favorable consideration to his request for early termination of his community supervision.  A lack of criminal history is merely an indication of a lack of convictions. A better indication of how defendant has lived his life is an examination of the circumstances of the subject offense.  One does not rise to the level of dealing in 20 and 30 **kilograms** of cocaine on his first foray into drug trafficking arena. A 10-year mandatory minimum sentence followed by a mandatory minimum 5-year term of

supervised release is a direct reflection of the seriousness of the offense and the level of criminality involved.  These factors don't just vanish from consideration due to the convergence of two circumstances:  the amendment to the drug guidelines and the government's conclusion and the Court's concurrence that defendant met all of the requirements for application of the safety valve.  (USSG §5C1.2.)  Because of the latter, he was therefore entitled to relief from the 120 month mandatory minimum sentence.  His guidelines range was reduced to 46 - 57 months based on an offense level of 23 [which includes an additional two-level reduction under U.S.S.G. §2D1.1(b)(16)] and a criminal history category of I.

His participation in a drug trafficking enterprise of such scope clearly warrant a lengthy period of community supervision to hopefully prevent his reinvolvement in this activity.  If Congress concluded that a five-year period of supervised release was appropriate for a drug offense involving at least 5 kilograms of cocaine was reasonably necessary to accomplish the purposes of supervision and rehabilitation, it remains so.

The request for early termination of supervised release is DENIED.

**IT IS SO ORDERED**.

Date: October 19, 2018        _____

Otis D. Wright, II, United States District Judge